UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MICHIGAN

_____

In Re:  Eric Ostema                           No:
                                              Chapter 13 Bankruptcy Proceeding

       Debtor                          [X] Original
                                              [ ] Amended

_____/

## DEBTOR'S CHAPTER 13 PLAN

I.  **GENERAL PROVISIONS**

    A.    The debtor submits all or such portion of his future income to the control of the trustee as is, or may be necessary for the execution of the plan.  The debtor, or debtor's employer, shall pay to the trustee the sum of **1,900.00 per month** to be distributed by the trustee under the plan.

           Debtor is obligated to pay Alimony through November, 2011.  Starting December, 2011, Debtor will increase his Plan payments from $1,900.00 per month to $2,100.00 per month.

    B.    A payroll order may be entered in every Chapter 13 case, with the exception of cases in which the debtor's sole income is other than wages. The debtor will submit all disposable income directly to the control and supervision of the trustee. If the debtor becomes 30 days delinquent in making payments under the Plan, the trustee may submit a payroll order to the Court with an appropriate affidavit (copies to the debtor and debtor's counsel) and the Court may enter the payroll order without further hearing.  The debtor shall notify the trustee immediately of any change of employment until the Plan is completed.

    C.    The amount to be distributed on each allowed unsecured claim under the plan shall not be less than the value as of the effective date of the plan of the amount that would be paid on such claim if the estate of the debtor(s) was liquidated under Chapter 7 of the Bankruptcy Code.

    D.    Debtor's Plan provides that any Chapter 5 Avoidance Action with respect to liens claimed may continue to be brought by the Chapter 13 Trustee Post-Confirmation and recovery in connection with such action shall be included in the distribution to creditors under plan in accordance with 11 USC § 1325 (a)(4).

      Debtor's Plan provides that any potential Chapter 13 or Chapter 7 Trustee's action or proceeding under 11 USC § 544, 545, 547, 548, 549, or 533 shall be preserved for the benefit of the Estate.

E.     If this Plan provides for a dividend of less than 100% to all filed and allowed general unsecured creditors, Debtor agrees to pay into the Plan all projected disposable income for no less than 36 months, including but not limited to income tax refunds, gambling winnings, inheritances, judgments, settlements, property tax credits, etc. received during that period which are determined to be disposable income. The debtor agrees to maintain the same level of exemptions as when the case was filed except as dictated by a change in dependency allowance(s) and/or marital status. The Trustee has the discretion to increase the percentage/base amount to be distributed to the unsecured creditors pursuant to this provision upon notice to Debtor and Debtor's Counsel. The Debtor has the right to object to any increase and request a Hearing.

F.     The debtor(s) shall remit such additional sums as may be necessary to complete payment of the Plan within 60 months.

G.     The trustee may in the exercise of his/her duties to assist the debtor in performance under the Plan, grant reasonable refunds to the debtor from funds paid to the trustee but not distributed to creditors to meet emergency situations which might arise during the plan.

H.     11 USC § 1328(a) Discharge provides:

"…. the court shall grant the debtor a discharge of all debts provided for by the plan or disallowed under section 502 of this title, except any debt—
  (1) provided for under section 1322(b)(5);
  (2) of the kind specified in section 507(a)(8)(C) or in paragraph (1)(B), 1)(C), (2), (3), (4), (5), (8), or (9) of section 523 (a);
  (3) for restitution, for a criminal fine, included in a sentence on the debtor's conviction of a crime; or
  (4) for restitution, or damages, awarded in a civil action against the debtor as a result of willful or malicious injury by the debtor that caused personal injury to an individual or the death of an individual."

11 USC § 523 Exceptions to Discharge provides at paragraph (c)(1):

Except as provided in subsection (a)(3)(B) of this section, the debtor shall be discharged from a debt of a kind specified in paragraph (2), (4) or (6) of subsection (a) of this section, unless, on request of the creditor to whom such debt is owed, and after notice and a hearing, the court determines such debt to be excepted from discharge under paragraph (2), (4) or (6), as the case may be, of subsection (a) of this section.

        Creditors who intend to assert a claim is non-dischargeable based on 11 USC § 523 (a)(2) or (a)(4) shall have 60 days to file an Adversary Proceeding after the first date set for the meeting of creditors or shall be barred from asserting non-dischargeability in the future.

I.      Upon Confirmation of the Plan, pursuant to 11 USC 1327(b) all property of the estate shall vest in the Debtor, except for: (I) the future earnings of the Debtor; (II) additional disposable income as defined in Paragraph E, above, of this Chapter 13 Plan and (III) other property necessary to the Plan (including personal and real property as defined in the Plan and any associated insurance proceeds which may be used by the Debtor, with Court approval, to purchase replacement collateral.) 11 USC 348(f)(1) remains effective in the event of a conversion to another chapter.

J.      During the term of this Plan, the Debtor shall not incur post-petition debts in excess of $1000.00 without first obtaining court approval and may not dispose of any real property with a greater value than $1000.00 without first obtaining the consent of the Court pursuant to 11 USC 364.

## II. CLASSES OF CLAIMS:

A.     Administrative Claims:

1. Any unpaid filing fees due to the Bankruptcy Court.
2. The Chapter 13 Trustee for the percentage fee for payment of costs, expenses and compensation as may be provided from time to time by the U.S. Attorney General.
3. The balance of the debtor's attorney's fees and costs in the amount of $3,150.00, plus additional attorney fees as may be allowed.
4. Any other allowed claim granted administrative status pursuant to court order.

B.     Secured Claims:

Secured claims are those claims provided for in Schedule D, as limited by 11 USC § 506 to the value of the collateral securing the claim.

C.     Priority Claims:

Priority claims are those claims described in 11 USC § 507. Debtor has included priority claims to the best of their knowledge on Schedule E.

D.     Unsecured Claims:

Unsecured claims are those claims provided for in Schedule F.

  E. Unscheduled Creditors Filing Claims:

  If a creditor's claim is not listed in the schedules, but the creditor nonetheless timely files a proof of claim, the Trustee is authorized to classify the claim into one of the classes described above, and to pay the claim consistent with that classification.

  F. Special classes of claims:

  If Section VI below is checked, then a special class of claim exists.

### III. PRIORITY OF PAYMENT OF CLAIMS:

  A. The Chapter 13 Trustee shall disburse the funds received in the following priority:

   1. Unpaid court filing fees; Chapter 13 Trustee's Administrative Expenses;
   2. Ongoing mortgage payments provided for IV.B.1.a.
   3. Attorney Fees and expenses;
   4. The secured arrearage claim set forth hereinafter;
   5. Other administrative claims authorized by Court Order.
   6. Any funds remaining after payments described above having been paid in full shall be paid monthly to priority claims pro-rata;
   7. Any funds remaining after payments described above having been paid in full shall be paid to allowed unsecured claims pro-rata.

### IV. TREATMENT OF CLAIMS:

  A. Administrative claims shall be paid in full.

  B. Secured claims:

   1. Claims secured by mortgages against Debtors' principal residence:

   If the debtors have a regular monthly mortgage payment which is being paid through the plan, this plan shall allow the mortgage holder to notify the trustee of any mortgage payment change. The trustee shall be authorized to automatically change the debtors' plan payment to an amount sufficient to cover the new mortgage payment and trustee commission. The Trustee may amend any wage order in place to include the change in the mortgage payment. The Trustee may also adjust the date the mortgage arrearage is calculated "through" in order to properly address any pre and/or post petition mortgage arrearage through the Plan.

4

      a. **First mortgage claim of BAC Home Loans Services shall be paid $1300.00 a month t**hrough the plan beginning with the first payment commencing the month following filing. The arrearage of approximately $15,000 shall be cured by a monthly payment of all funds on hand with the Trustee subsequent to payments of the ongoing mortgage payment and all claims to be paid with priority pursuant to Plan paragraphs III.A.1, 2 & 3. The claim filed by BAC Home Loans Services for the mortgage arrearage will control over the estimated amount of the mortgage arrearage provided by the Plan, subject to a party in interest's right to object.

      b. Pre-Petition Real Estate Tax Claims shall be paid pro-rata, subsequent to monthly payments on Debtor's residence, but together with all remaining secured claims. This creditor shall retain its lien on the real property pursuant to applicable state statute. The creditor shall be entitled to receive its statutory interest and collection fees as set forth on its proof of claim.

2. Other Real Property Creditors, if any, shall be treated as follows: N/A

3. Claims secured by Debtors' personal property:

      a. **11 USC § 1325(a)(5)(B)(i):**
The holder of such claim shall retain the lien securing such claim until the earlier of the payment of the underlying debt determined under nonbankruptcy law; or discharge under section 1328; and if the case under this chapter is dismissed or converted without completion of the plan, such lien shall also be retained by such holder to the extent recognized by applicable nonbankruptcy law; and the value as to the effective date of the plan, or property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim if property to be distributed pursuant to this subsection is in the form of periodic payments, such payments shall be in equal monthly amounts; and the holder of the claim is secured by personal property, the amount of such payments shall not be less than an amount sufficient to provide to the holder of such claim adequate protection during the period of the plan.

      b. Collateral to be Retained: Each secured creditor in this class shall retain its lien and shall be paid as secured to the fair market value of the underlying collateral as set forth below. Each secured creditor shall be paid pro-rata with other secured claims unless otherwise indicated below. The excess of any secured claim over

the fair market value of the collateral shall be paid as a general unsecured claim. The interest rate on the secured portion of the claim shall be 4.25% or the contract rate, whichever is lower.

**N/A**

All creditors listed above are to receive the equal monthly payments as listed per the month during the life of the Plan plus an additional pro-rata amount that may be available from the funds on hand.

Each secured creditor listed below in this Class has a lien on a vehicle acquired for personal use of the Debtor and the debt was incurred within 910 days; or as to other personal property acquired for the personal use of the Debtor within one year prior to the filing of the Petition. Such a claim is not subject to cramdown and will be paid the full balance owing. However, the interest shall be paid at the rate of 4.25% or the contract rate, whichever is lower.

N/A

c. The collateral for the following secured claim(s) shall be surrendered to the creditor and any allowed deficiency claim shall be treated as unsecured: N/A

d. If your claim is not listed as a secured creditor in the foregoing sections, then your claim is being treated as unsecured. If you hold a claim and allege having any form of collateral, then the collateral is hereby rejected. Upon confirmation of the Plan, the Automatic Stay shall be lifted to allow the recovery of any rejected collateral. Your claim may only be allowed as unsecured.

e. If a Creditor obtains relief from the automatic stay at anytime during this proceeding, the Trustee shall make no further payments to this Creditor unless the creditor files or amends its claim to establish an unsecured deficiency. Any party in interest reserves the right to object to such unsecured claim.

C. Priority Creditors:

1. Priority claims are those claims described in 11 USC § 507. Debtor has included priority claims to the best of their knowledge on Schedule E. Debtors shall pay all priority claims in full, in deferred cash payments, of all claims entitled to priority under section 507 of this title, unless the holder of a particular claim agrees to a different treatment of such claim.

These claims shall receive payment subsequent to the payment of all secured claims.

2. Pre-Petition Claims of Friend of the Court: Alimony or other child support shall be paid outside the plan, unless set forth below.

**Alimony paid to Rochelle Ostema in the amount of $200.00 per month will be paid directly by the Debtor, outside the Chapter 13 Plan.**

D. Unsecured Creditors:

Claims in this class are to be paid from funds available after the dividends to administrative, secured and priority creditors and monthly payments to creditors indicated in the classes above. The payment allowed to general unsecured claimants will be satisfied by:

( ) a. Payment of a dividend of 100%;

(X) b. Payment of a pro-rata share of a fixed amount of $2,000.00 set aside for creditors in this class or a plan term of 36 months, whichever pays more.

( ) c. Payment of a dividend of at least _____ % or the amount of the projected disposable income for 36 months, whichever is greater;

( ) d. Payment of 100% plus post-petition interest (present value) of 4%;

( ) e. Payment of that amount remaining after payment of superior classes as set forth above. Payment to this class shall be on a pro-rata basis. The term of the Plan shall be _____ months.

Dated: December 21, 2010        /s/ Eric Ostema
                                Eric Ostema, Debtor

Dated: December 21, 2010        /s/ James R. Oppenhuizen
                                James R. Oppenhuizen
                                2810 East Beltline Lane, NE
                                Grand Rapids, MI 49525
                                (616) 364-2100

7